





FILED

DEC 1 2 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re                          )   Case No. 12-27639-C-7
                               )   Docket Control No. HSM-1
PATRICK LEE WATSON and         )
PATRICIA JO WATSON,            )
                               )
                Debtor(s).     )
_____)

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

## MEMORANDUM OPINION AND DECISION

Patrick Lee Watson and Patricia Jo Watson, the Debtors, commenced a voluntary Chapter 7 case on April 20, 2012. On Schedule C the Debtors claimed exempt pursuant to California Code of Civil Procedure § 704.115(a) as a "Private Retirement Plan" the asset described as,

> Proof of Claim filed in Chapter 11 Bankruptcy Case no. 08-11535-RR, Central District of California, Northern Division, In re Estate Financial Mortgage Fund, LLC, filed in the amount of $414,132.00. Pro rata share of initial distribution made from the Estate Financial Mortgage Fund LLC Liquidating Trust in the amount of $9981.55 (In re Estate Financial Mortgage Fund LLC 08-11535-RR CA CD Chapter 11).

Schedule C, Dckt. 15.

Schedule C also asserts an exemption for "Tools, implements,

instruments, materials, uniforms, furnishings, books, equipment, one commercial motor vehicle, one vessel, and other personal property .... (1), if reasonably necessary to and actually used by the judgment debtor and by the spouse of the judgment debtor in the exercise of the same trade, business, or profession by which both earn a livelihood...." Cal. C.C.P. § 704.060(a), (a)(3).    The Debtors have specifically identified the items of personal property on Schedule C in which the exemptions are being claimed. A copy of Schedule C is attached as Addendum "A" to this Decision.    The Debtors assert that these items of personal property were formally used, are being used, and will be used in the future, as part of the automobile repair business for which each of the Debtors' work.

As shown from Schedule C, each of these items of personal property is valued to be of modest amounts, most $50.00 or less. The assets of asserted higher value and larger exemption amounts are:

| Asset | Value | Exemption Amount Claimed |
|---|---|---|
| 2006 Chevrolet Silverado (with 154,442 miles) | $7,844 | $7,844 |
| Four post 12000 lb. Bend Pak Lift | $900 | $900 |
| Double Axel Trailer | $1,200 | $750 |
| Hunter BL505 Brake Lathe and Tooling | $750 | $750 |
| 8 Drawer Mac Toolbox with Tools | $500 | $500 |
| Two post 9000 lb. Car Lift | $300 | $300 |
| Cooltech 34788 Robin Air A/C charge station | $300 | $300 |
| Genesis Evoscan Tool | $200 | $200 |

| Coolant Transfer Machine | $150 | $150 |
|---|---|---|
| Red Single Axle Utility Trailer | $150 | $150 |
| Quincee Air Compressor 5 hp | $100 | $100 |
| Plastic Tool Shed | $100 | $100 |
| Zep Parts Clearing Station | $100 | $100 |

Finally, the Debtors also claim an exemption in a 2011 Keystone Montana Hickory Fifth Wheel pursuant to California Code of Civil Procedure § 704.730(a)(3) as their homestead.

The Chapter 7 Trustee filed an objection to each of the above exemptions claimed by the Debtors. At the November 13, 2012 hearing, the Trustee confirmed on the record that his objection to the homestead exemption claim in the 2011 Keystone Montana Hickory Fifth Wheel had been resolved and he was withdrawing that portion of the objection.

**OBJECTION TO EXEMPTION IN THE
ESTATE FINANCIAL MORTGAGE FUND, LLC INVESTMENT**

Little disagreement exists between the parties concerning the facts which relate to how the claims being asserted in the Financial Mortgage Fund, LLC bankruptcy case arose. Patrick Watson is 69 years old and Patricia Watson is 67 years old. Over the years the Debtors owned and operated various businesses relating to automobile repair. The last automobile repair business owned and operated by the Debtors was located in Berkeley, California. At some undisclosed time, but prior to the 2006 investment of $500,000.00 with Estate Financial Mortgage Fund, the Debtors sold their automobile repair business in Berkeley. The Debtors desired to use the proceeds to provide for their retirement, as a

3

supplement to the Social Security Benefits they receive ($1,409.00 and $945.00 a month).

The Debtors invested $500,000.00 of the proceeds from the sale of their business with Estate Financial Mortgage Fund.  This turned out to be an improvident investment, with Estate Financial Mortgage Fund being a Ponzi scheme.  Estate Financial Mortgage Fund ended up in bankruptcy and the Debtors testify that the principals of Estate Financial Mortgage Fund have been convicted of more than 20 felonies and are serving time in prison.

The Debtors testify that they are unsophisticated and relied on Estate Financial Mortgage Fund to provide for the proper investment of these monies the Debtors wanted to use for their retirement.  The Debtors assert that being unsophisticated as to financial investment and having limited education, they reasonably relied on Estate Financial Mortgage Fund to provide an investment of these monies in a retirement fund and such reliance is sufficient to qualify for the exemption asserted.

The Debtors believe that they were defrauded by Estate Financial Mortgage Fund not only with respect to it being a Ponzi scheme, but also their reliance on that entity to provide them with a "retirement fund" or "retirement plan."  The testimony does not state what the Debtors mean by these terms, but for purposes of this decision the court accepts that it was the Debtors' intention to use the proceeds from the sale of their business for their retirement.

As with most Ponzi scheme cases, the impact on the victims is horrific.  The Debtors testify that they were forced to sell their residence, being unable to make the payments with only their Social

4

Security Benefits for income.  The Debtors state that they lost two rental properties (one to foreclosure and one to short sale) because they could not afford to make the payments.[1]  For purposes of this Motion the court accepts that both of the Debtors are hard working, honest persons who built up businesses, culminating in the sale of the Berkeley automobile repair business they sold in or about 2006 (when they were in their mid-60's, a commonly referenced retirement age).

The Trustee clearly and succinctly states that the investment in Estate Financial Mortgage Fund and the bankruptcy claim relating thereto cannot qualify as a Private Retirement Plan pursuant to California Code of Civil Procedure 704.115 as a matter of law. Citing to the leading Ninth Circuit Case *Lieberman v. Hawkins (In re Lieberman)*, 245 F.3d 1090 (9th Cir. 2001), the Trustee argues that the retirement plan must be one established or maintained by a private employer or employee organization, such as a union. Merely because a person decides to invest money with the intention

---

[1]    Interestingly, the Debtors state that the reason for the loss of the rental properties was due to the "so called 'Great Recession.'" Declaration ¶ 11, Dckt. 48.  The court is unsure as to what "Great Recession" is being referenced to and why that would cause owners of positive income producing property to lose such properties.  If the Debtors purchased rental properties which did not produce income or did not produce sufficient income to pay the mortgage, taxes, and insurance, or the Debtors refinanced the rental property to take out the "equity" and use it for other purposes, then the loss of other income to fund the negative operation of rental property (such as loss of the $500,000.00 investment) which would have caused the Debtors to lose the rental properties.  Alternatively, the Debtors may have chosen to engage in speculative real estate ventures, buying negative income properties banking on "flipping the properties" and turning a quick profit in the never-ending rising real estate market.  If so, then the unavoidable bursting of the real estate bubble would have been the cause of the loss from such a speculative venture, with the Debtors being the last man and woman holding the properties when the easy lending boom collapsed.

to use the principal and accretions to the investment during retirement does not make the investment a "Private Retirement Plan" as required by statute.    Further, there is no showing that the investment with Estate Financial Mortgage Fund was either a profit-sharing plan or that the investment was in an account as provided by the Internal Revenue Code.   Cal. Code Civ. P. § 704.115(a)(2) and (3) additional retirement account exemption definitions.

The Debtors argue that there is a strong policy under federal and state law to liberally interpret exemptions in favor of debtors.   *In re Arrol*, 170 F.3d 934, 937 (9th Cir. 1999).    The Debtors direct the court to consider the statement in *In re Beaty*, 306 F.3d 915, 922 (9th Cir. 2002) for the proposition that the bankruptcy court is a "court of equity" and should invoke equitable principles and doctrines when refusing to do so would be inconsistent with the Bankruptcy Code.    The Debtors offer no authorities, either case law or legislative history, concerning the proper interpretation and application of this state law statutory provision.   The court takes this not as a sign that there is a lack of effort, but that the best legal opportunity for the Debtors in this case is to rely upon the equitable powers of the court and the *sui generis* facts of this case.

The Ninth Circuit Court of Appeals has considered the decision in *Lieberman* on several subsequent occasions.   The most recent is *Cunning v. Rucker (In re Rucker)*, 570 F.3d 1155 (9th Cir. 2009). The court in *Cunning* restated that Civil Code of Procedure § 704.115 is construed liberally for the benefit of the debtor and that its very purpose is to allow a debtor to put assets beyond the reach of creditors.   *Id.* at 1160.    However, this liberal

construction and putting assets beyond the reach of creditors applies "[s]o long as they [the asset] qualify for the exemption under the law." *Id.*, citing *Schwartzman v. Wilshinsky*, 50 Cal. App. 4th 619, 629 (1996).

The court in *Lieberman* reviewed the earlier Ninth Circuit decision in *Bloom v. Robinson (In re Bloom)*, 839 F.2d 1376 (9th Cir. 1988), in which the court had to consider whether an established private retirement plan and profit-sharing plan qualified as an exempt private retirement plan pursuant to California Civil Procedure Code § 704.115(a). Though on its face there was an actual employer-based private retirement plan, the Ninth Circuit stated that a debtor's conduct can demonstrate that such a "private retirement plan" is not actually intended for retirement and does not qualify to be exempt under California Code of Civil Procedure § 704.115(a). *Id.* at 1378, citing *Daniel v. Security Pacific National Bank et al. (In re Daniel)*, 771 F.2d 1352 (9th Cir. 1985).

This inquiry into "intent" was discussed by the Ninth Circuit Court of Appeals in *Simpson v. Burkart (In re Simpson)*, 557 F.3d 1010, 1018 (9th Cir. 2009), stating,

> However, the purpose of this inquiry [whether the asset was primarily intended or used for retirement purposes] is distinct and limited. It does not allow the debtor to circumvent the statutory definitions and categorize the asset as an exempt private retirement plan. Rather, the inquiry seeks only to determine whether an asset that fits the definition of a "private retirement plan" should nonetheless be *excluded* from exemption because the debtor treats it as something other than a retirement asset. Thus, while the debtor's subjective intent cannot create an exemption, it may take one away.

The Ninth Circuit Court of Appeals in *Simpson* rejected a similar argument to that of the Debtors in this case, that since

7

they intended to use the investment as their retirement, such intention was sufficient to qualify the asset for the "Retirement Plan" exemption.

> Simpson's sole argument in support of his claimed exemption is that the annuity constitutes a private retirement plan under section 704.115(a)(1), because he subjectively intended to use it as one. As we have noted, a debtor's subjective intent for or use of the asset is irrelevant to this analysis. *Lieberman*, 245 F.3d at 1095. Rather, section 704.115(a)(1) applies only to retirement plans set up by private employers, "not by individuals acting on their own, outside of the employment sphere." Simpson, 366 B.R. at 74 (citing Lieberman, 245 F.3d at 1093). As we explained in Lieberman:

>> [T]he legislature intended § 704.115(a)(1) to exempt only retirement plans established or maintained by private employers or employee organizations, such as unions, not arrangements by individuals to use specified assets for retirement purposes.

> 245 F.3d at 1095.

> The Keyport Annuity was not established for Simpson by an employer. Rather, Simpson purchased it as an individual. Thus, regardless of his intentions, Simpson is not entitled to claim an exemption for the annuity as a private retirement plan under section 704.115(b).

*Id.* at 1018–1019.

The uncontradicted evidence presented to the court with respect to the Estate Financial Mortgage Fund, LLC investment does not differ from the investments in *Lieberman* and *Simpson* – the Debtors' investment is not part of an employer or other third party retirement plan. Patricia Watson's testimony is that the Debtors sold their business and wanted to use the proceeds of the sale for their retirement. Patricia Decl. ¶ 5, Dckt. 49. With her limited education and understanding of investments, she "understood Estate Financial Mortgage Fund to be a retirement plan,..." *Id.* ¶ 6. The Debtors believed that the entire investment in Estate Financial

8

Mortgage Fund was "a legitimate retirement plan." *Id.* ¶ 9. Patrick Watson provides exactly the same testimony as to the intent in investing the proceeds from the sale of the Debtors' business. Patrick Decl. ¶¶ 6, 7, and 10, Dckt. 48.

From the evidence presented and with all inferences drawn in favor of the Debtors, it is established that the investment they sought to make was not a "Private Retirement Plan" as defined by California Code of Civil Procedure § 704.115(a)(1), (2) or (3). While the Debtors testify that they had the subjective intent to invest the money for their retirement, it is well established in this Circuit and the State of California that such subjective intent is not sufficient to override the statutory requirements of California law.

**Debtors Plea in Equity Does Not Expand the**
**Statutory Requirements of California C.C.P. § 704.115(a)**

The Debtors make the passionate argument that they have been wronged twice – first by trusting Estate Financial Mortgage Fund to be a legitimate investment advisor and not a Ponzi scheme, and then again in relying on Estate Financial Mortgage Fund to properly structure a retirement fund for them.    The Debtors advance the argument that they are hard-working people of limited education and not sophisticated in the ways of investment.    Therefore, they reasonably relied upon Estate Financial Mortgage Fund to establish a Private Retirement Account which would qualify for California Code of Civil Procedure § 704.115 protection against creditors.

The Debtors provide no legal authority for the contention that failure of a financial advisor to structure an investment to qualify for protection under California Code of Civil Procedure

9

§ 704.115 is an exception to the statutory requirements. Properly applying the California Code of Civil Procedure to determine whether an exemption applies is not inconsistent with fairly and equally applying the Bankruptcy Code to all creditors and debtors. In *Beaty*, cited by the Debtors for the principle that the court should invoke "equitable principles" to make the exemption applicable to the Debtors, the Ninth Circuit Court of Appeals said more than just that a trial court could "just do what it thought was fair, irrespective of the law."

The court in *Beaty* considered whether the equitable doctrine of Laches should properly be applied to the time period to commence a nondischargeability action under 11 U.S.C. § 523(a). The "equitable principle" considered in *Beaty* was an actual equitable doctrine or rule, not merely whether it would be "fair" to grant an *ad hoc* exception to the statutory requirements based on how passionately a party pleads its case. The Debtors offer no equitable doctrines to the court as a reason not to apply the law as well established in this Circuit.

Even liberally construing California Code of Civil Procedure § 704.115(a) and how the Debtors invested their monies from the sale of their business does not generate an exemption for the Debtors in the Estate Financial Mortgage Fund investment. In *Arrol v. Broach (In re Arrol)*, 170 F.3d 934 (9th Cir. 1999), the court addressed the issue of determining whether the California homestead exemption should apply when the debtor's home was not physically located in California. Under the facts of *Arrol*, the debtor had moved his residence to Michigan, with venue being proper in the Northern District of California based on that debtor having resided

10

the greater part of the 180 days prior to the commencement of the bankruptcy case in the Northern District of California. The court in *Arrol* determined that the Bankruptcy Code required that the exemption law in the state where the case was filed applied in that case, irrespective of where the debtor was actually residing at the time the bankruptcy case was filed. The court in *Arrol* then determined that California law did not require the property to be located in California. *Id.* at 936. In saying that it was liberally interpreting the exemption is based on the court concluding, "We find nothing in the California exemption statutory scheme, its legislative history, or its interpretation in California law to limit the application of the homestead exemption to dwellings within California." *Id.* at 937. The "liberally in favor of the debtor" comment concerns how the court interpreted the language of the California homestead exemption, not creating additional provisions or exceptions to the homestead exemption.[2]

This court finds no equitable basis, defense, or doctrine to exempt the Debtors from having complied with the statutory requirements of California Code of Civil Procedure § 704.115(a).

The Trustee's Objection to the Claim of Exemption in the Estate Financial Mortgage Fund investment and bankruptcy claim is sustained and the exemption is denied in its entirety.

### OBJECTION TO EXEMPTION IN TOOLS OF THE TRADE

The Debtors have claimed an exemption in a long list of items

---

[2] In interpreting the exemptions arising under state law, "we are bound by California rules of statutory interpretation, which require that courts 'give effect to statutes according to the usual, ordinary import of the language employed in framing them.' [citation omitted]" *Little v. Reaves (In re Reaves)*, 285 F.3d 1152, 1156 (9th Cir. 2002).

asserted to be exempt as tools of the trade – the Debtors' automotive repair business. The Debtors testify that they have now returned to the automobile repair business and are doing business as Discount Brake & Automotive Repair. The testimony presented is that both Debtors work in this business, in addition to Patricia Watson working part-time at Red Hawk Casino. Patrick Watson is identified as doing the repair work and Patricia Watson maintains the books and other administrative tasks. Patrick Decl. ¶¶ 14, 15, 16, 17, and 19, Dckt 48; and Patricia Decl. ¶¶ 13, 14, 15, 16, 17, 18, 19, and 20, Dckt. 49.

**Grounds Stated For Trustee's Objection**

From reviewing the Objection to Claim of Exemption which combines the grounds for the objection with the points and authorities, the court distills the following grounds being asserted by the Trustee:

1. Patricia Watson works as a cook at Red Hawk Casino.

2. The Schedules and Statement of Financial Affairs indicate that Patricia Watson also works as a bookkeeper for Discount Brake & Automotive, a corporation for which the Debtors are the shareholders.

3. The Trustee does not know how much time is spent by Patricia Watson and whether she is being paid wages for working at Discount Brake & Automotive.

4. The Trustee does not know what assets are used by Patricia Watson if and when working at Discount Brake & Automotive.

5. The Trustee assets that none of the items listed as

Item 25 and Item 29[3] claimed as exemption are used by Patricia Watson, with the exception of some nominal value items of office equipment, for any employment with Discount Brake & Automotive.

6.    It does not appear that Patrick Watson makes any money from Discount Brake & Tire as no business income is stated on Schedule I.[4]

The Trustee requests that the court deny the claim of exemptions of all the Item 25 and Item 29 assets.

**Debtors' Response to Objection to Tools of the Trade Exemption**

The Debtors respond that the tools of the trade exemption is proper, asserting that both Debtors are active in their business - Discount Brake & Automotive.  The court is directed to the holding of the bankruptcy court in *In re Vigil*, 101 B.R. 189, 191 (Bankr. N.D. Cal. 1989) for the proposition that each spouse does not have to personally use each asset for both to claim the exemption.  The Debtors also assert that merely because Patricia Watson works part-time at Red Hawk Casino and part-time at Discount Brake & Automobile, she is not disqualified from claiming the tools of the

---

[3]  This reference is to Schedule B filed by the Debtor and the assets listed under Item 25, Automobiles, truck, trailers, and other vehicles and accessories) and Item 29 (machinery, fixtures, equipment, and supplies used in business).  For vehicles, the Debtors list a 2006 Chevrolet Silverado (valued at $7,844.00), a small double axle trailer (valued at $1,200.00), and a small trailer with portable sign for business (valued at $100.00).  There are 114 separate assets identified under Item 29, most valued at $100.00 or less.

[4] The Trustee also objected to the values listed on Schedule B (Item 25 Assets and Item 29 Assets), without identifying the specific assets as disputed values.  In his Reply Brief, the Trustee conceded the value of the asserted tools of the trade to be $14,350.00 as scheduled by the Debtors.  This results in the value of the assets claimed as exempt exceeding the full two person tools of the trade exemption by $429.00.

13

trade exemption for assets of the Debtors' business.

With respect to the validity of claiming this exemption, the Trustee argues that there is no evidence presented as to how much work is being done by Patricia Watson, that she is paid for doing any work, and that no income from the business is stated by Patrick Watson on Schedule I or the Statement of Financial Affairs.

The Trustee also objects to claiming the Chevrolet Silverado an exempt tool of the trade (the Debtors having also claimed a Jeep Liberty as exempt under California Code of Civil Procedure § 704.010, vehicle exemption). The Trustee directs the court to California Code of Civil Procedure § 704.060(c) which states that a tool of the trade exemption is not available if another vehicle has been claimed as exempt under § 704.010 which is reasonably adequate for use in connection with the business.

## DISCUSSION

The Objection to the Tools of the Trade Exemption raises several factual disputes which can only be resolved through an evidentiary hearing.[5] How much and what work each of the Debtors are actually doing, whether a *bona fide* business actually exists, and if the assets are actually being used in such a business will turn on more detailed evidence and the court weighing the credibility of the witnesses. However, there are several legal issues which shape the evidentiary hearing.

First, there is the issue of whether working part-time at the

---

[5] *Kono v. Meeker*, 196 Cal. App. 81, 87 (2011). (Stating that the question of whether California Code of Civil Procedure § 704.060 applies is generally a question of fact for the court to determine upon common-sense principles, in view of the circumstances of the particular case.)

business qualifies a debtor to claim the tools of the trade exemption pursuant to California Code of Civil Procedure § 704.060. This code section allows for a specific dollar amount exemption to be claimed in "Tools, implements, instruments, materials, uniforms, furnishings, books, equipment, one commercial motor vehicle, one vessel, and other personal property... if reasonably necessary to and actually used by the judgment debtor in the exercise of the trade, business, or profession by which the judgment debtor earns a livelihood." Cal. C.C.P. § 704.060(a)(1). The judgment debtor and judgment debtor's spouse may claim this exemption for their respective trades or business, or may claim double the exemption amount for such assets used by them "[i]n the exercise of the same trade, business, or profession by which both earn a livelihood." Cal. C.C.P. § 704.060(a)(3).

As shown by the Debtors' reliance on *Vigil*, a married couple's joint use of the tools of the trade exemption under California law is not an often discussed topic. This court has surveyed the cases shown in the annotations under Westlaw and Lexis, as well as Shepardizing California Code of Civil Procedure § 704.060. There is little more to provide guidance for the court.

The court in *Vigil* concluded that the question is not whether a debtor was engaging in the business activity on the day of bankruptcy, but whether the debtor had abandoned or was incapable of continuing in that trade or business in the future.

The Trustee is correct that on Schedule I both Debtors state, under penalty of perjury, no income from any business. The Debtors do state on Schedule I that "The Debtors Operate Discount Brake & Automotive And Had A Net Loss Through March 2012. The Business Was

15

Recently Incorporated."    Schedule I also states that the Debtors own Discount Brake & Automobile, which was recently incorporated, and that Patricia Watson works as the Owner/Bookkeeper of that business and as a cook at Red Hawk Casino.[6]

The Debtors have chosen to include more information on Schedule I than normally provided, and in doing so have provided inaccurate information.   The question is not what net income one makes from their business, but the gross income.   The expenses for the business are to be shown on Schedule J, line 16.   The Debtors also do not show any income from the corporation.   Taken at face value, the Debtors are purporting to have a business which loses money each month.   No resources have been shown by the Debtors to fund such negative operation.[7]

The Debtors' contention that there isn't any income from the operation from Discount Brake & Automobile is inconsistent with the gross income information shown on the Statement of Financial Affairs.   In 2012 the Debtors report $46,910.17 of income for the first three months of the year.   For 2011 the Debtors report $309,247.00 in gross income and for 2010 $207,858.00 in gross income.[8]   However, the Debtors have nothing "positive" to show for

---

[6]  Schedule I, Dckt. 15.

[7]  When debtors assert that they have businesses which do not generate any income, but fail to provide the gross income and the detailed expenses, the court and creditors are left to wonder what personal expenses are being paid for the debtors through the business, if any, as the real reason for the continued operation of an "unprofitable" business.  Merely arguing that "We have a company and it loses money each month, so let us keep all of the assets so we can continue to lose more money" is not a compelling argument showing that tools are necessary for a *bona fide* business.

[8]  Statement of Financial Affairs Question 1, Dckt. 15.

1  it, asserting that this business operates as a loss. In the
2  27 months prior to the commencement of the bankruptcy case
3  $564,015.00 has gone somewhere. The Debtors state that they have
4  paid no one creditor more than an aggregate of $600.00 in the
5  90 days prior to the commencement of the bankruptcy case.[9] Where
6  all the money has gone is just left up in the air.

7      The court interprets the language of California Code of Civil
8  Procedure § 704.060 to permit two spouses jointly involved in a
9  business to each claim up to $7,175.00 in exemptions in the tools
10 of the trade used in that business. Such does not require each
11 spouse to use each wrench, sprocket, analyzer, computer, mail cart,
12 copy machine, printer, and file cabinet, but to have such tools be
13 a necessary part of a joint, integrated business operated by the
14 two spouses. This requires each spouse to be substantially
15 involved in the business, not merely the second spouse lending his
16 or her name, credit, or minimal amount of time as window dressing
17 to create the illusion of a joint business operation for an
18 improper doubling of the exemption.

19     Taken at their word as testified in the Declarations, there
20 has been some business operated by the Debtors. The scope of each
21 of their involvement is not clearly provided in the testimony. The
22 court cannot determine from the declarations whether there is a
23 *bona fide* business and whether both spouses are sufficiently

24 _____

25      [9]  The Statement of Financial Affairs also discloses that
    Patricia Wilson had gambling winnings of $9,760.00 in 2011 and
    $4,440.00 in 2010. No gambling winnings are disclosed for 2012 and no
26 information is provided as to the gambling losses which go with the
    gross wins for 2011 and 2010. Statement of Financial Affairs
27 Question 2, Dckt. 15. In response to Question 8 of the Statement of
    Financial Affairs Question 8 the Debtors state that Patricia Watson
28 had gambling losses of $200.00 in February 2012.

involved in any such business.

Second, the assets must be reasonably necessary and actually used by the judgment debtor in pursuing his or her livelihood.[10] Based on the limited information provided, it appears that the automobile repair business could well be a "hobby," as the Debtors assert that it makes no money for them (expenses exhausting all income).  For tax purposes, the Internal Revenue Service considers an activity to be a "business" when it is carried on with the reasonable expectation of earning a profit.   Internal Revenue Service Publication 535, March 13, 2012.

The court has determined that an evidentiary hearing is required on the issue of whether the Debtors may jointly or separately claim the tools of the trade exemption in the various assets as listed on Schedule C, and if either or both may claim such an exemption, which items properly qualify under California Code of Civil Procedure § 704.060.

**RULING**

**Estate Financial Mortgage Fund Investment**

The court sustains the Trustee's Objection to the Claim of Exemption pursuant to California Code of Civil Procedure § 704.115(a) asserted in the asset described as "Proof of Claim filed in Chapter 11 Bankruptcy Case no. 08-11535-RR, Central District of California, Northern Division, *In re* Estate Financial Mortgage Fund, LLC, filed in the amount of $414.132.00.  Pro rata share of initial distribution made from the Estate Financial Mortgage Fund LLC Liquidating Trust in the amount of $9,981.55 (*In*

---

[10] *C.F. Nielsen, Inc. v. Stern*, 11 Cal. App. 4th Supp. 22, 25 (1992), certified for partial publication.

*re* Estate Financial Mortgage Fund LLC 08-11535-RR CACD Chapter 11)" and such exemption is disallowed in its entirety.[11]  This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law with respect to the Objection to the Claim of Exemption pursuant to ˙California  Code  of  Civil  Procedure § 704.115(a) by the Debtors.  No further proceedings on this issue shall be conducted by the court pending entry of one order on all of the Trustee's objection to the multiple claims of exemption in this contested matter.  The court has determined that it will not enter a separate order for each objection to claim of exemption pursuant to Federal Rules of Bankruptcy Procedure 7052(b) and 9014. One order shall be issued in this contested matter with rulings on all of the objections to exemptions asserted by the Trustee.

**Keystone Montana Hickory Fifth Wheel**

On  September  26,  2012,  the  Trustee  filed  a  Supplemental Statement Regarding The Objection to Claim of Exemption, in which the Trustee withdrew that portion of the Objection which related to the 2011 Keystone Montana Hickory Fifth Wheel claimed as exempt on Schedule C by the Debtors.  Supplemental Statement, Dckt. 41.  The Trustee  repeated  the  statement  that  he  was  withdrawing  the Objection as to the Fifth Wheel on the record at the hearing, to which the Debtors consented.

The  court  construes  the  September  25,  2012  Supplemental Statement of Withdrawal of this portion of the Objection, which is consistent with the Debtors' Opposition, and the oral request at the  hearing  to  so  withdraw  this  portion  of  the  Objection,  as  a

---

[11]  Exemption claim on Schedule C filed May 2, 2012, Dckt. 15.

Motion to Dismiss the Objection to the Claim of Exemption by the Debtors in the 2011 Keystone Montana Hickory Fifth Wheel pursuant to Federal Rule of Civil Procedure 41(a)(2) and Federal Rule of Bankruptcy Procedure 9014.  The Debtors do not oppose such motion and the court dismisses without prejudice the Objection to the Claim of Exemption by the Debtors in the 2011 Keystone Montana Hickory Fifth Wheel.  The court shall issue a separate order providing for the dismissal of this portion of the Objection to Claims of Exemption.

**Tools of the Trade Assets**

The court shall set a discovery schedule and an evidentiary hearing schedule for the Objection to Claims of Exemption in the various personal property assets as tools of the trade.  Cal. C.C.P. § 704.115.  After review, the judges in Department C and Department E have determined that the evidentiary hearing shall be conducted in Department E so that one judge rules on all elements of this contested matter.

The Discovery Scheduling Conference shall be conducted at **1:30 p.m. on December 18, 2012,** in Courtroom 33 of the United States Bankruptcy Court for the Eastern District of California (Sacramento Division).

The court shall issue orders consistent with the Ruling set forth above.

Dated: December *12*, 2012

RONALD H. SARGIS, Judge
United States Bankruptcy Court

20

B6C (Official Form 6C) (04/10)

IN RE Watson, Patrick Lee & Watson, Patricia Jo          Case No. **12-27639-C-7**
_____          _____
                    Debtor(s)                                    (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:          ☑ Check if debtor claims a homestead exemption that exceeds $146,450. *
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Cash on hand** | CCCP § 704.070 | 41.00 | 41.00 |
| **El Dorado Savings Bank checking account ending 2575: 4040 El Dorado Road, Placerville, CA 95667.** | CCCP § 704.080 | 1,929.70 | 1,929.70 |
| **Schools Financial Credit Union Checking account: P.O. Box 526001, Sacramento, CA 95852** | CCCP § 704.080 | 638.04 | 638.04 |
| **Wells Fargo Business Checking account number ending 3345:  This account is held in the name of Discount Brake & Automotive** | CCCP § 704.060(a)(3) | 80.00 | 80.00 |
| **Pre-paid lease with Far Horizons 49er Village RV Resort.  Debtors have paid through June 30, 2012.** | CCCP § 704.730(a)(3) | 1,610.00 | 1,610.00 |
| **Bedroom lamps (built in): 18265 State Highway 49, Plymouth, CA 95669** | CCCP § 704.020 | 550.00 | 10.00 |
| **Canister vacuum cleaner: 18265 State Highway 49 Plymouth CA 95669** | CCCP § 704.020 | 20.00 | 20.00 |
| **Dining room table and four chairs (built in): 18265 State Highway 49, Plymouth, CA 95669** | CCCP § 704.020 | 550.00 | 50.00 |
| **Entertainment center (built in): 18265 State Highway 49, Plymouth, CA 95669** | CCCP § 704.020 | 550.00 | 50.00 |
| **Everyday dishes: 18265 State Highway 49, Plymouth, CA 95669** | CCCP § 704.020 | 50.00 | 50.00 |
| **Everyday flatware: 18265 State Highway 49, Plymouth, CA 95669** | CCCP § 704.020 | 25.00 | 25.00 |
| **King size bed and mattress (built in): 18265 State Highway 49, Plymouth, CA 95669** | CCCP § 704.020 | 550.00 | 50.00 |
| **Lap top computer: 18265 State Highway 49, Plymouth, CA 95669** | CCCP § 704.020 | 50.00 | 50.00 |
| **Living room lamps (built in): 18265 State Highway 49, Plymouth, CA 95669** | CCCP § 704.020 | 550.00 | 20.00 |
| **Metal tv tray: 18265 State Highway 49, Plymouth, CA 95669** | CCCP § 704.020 | 10.00 | 10.00 |
| **Microwave (built in): 18265 State Highway 49, Plymouth, CA 95669** | CCCP § 704.020 | 550.00 | 25.00 |
| **Miscellaneous cookware, pots and pans: 18265 State Highway 49, Plymouth, CA 95669** | CCCP § 704.020 | 100.00 | 100.00 |
| **Miscellaneous everyday dishes, pots & pans: 18265 State Highway 49 Plymouth CA 95669** | CCCP § 704.020 | 25.00 | 25.00 |
| **Miscellaneous garden supplies (fertilizer, plant food, etc): 18265 State Highway 49 Plymouth CA 95669** | CCCP § 704.020 | 15.00 | 15.00 |

* *Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Addendum "A"

B6C (Official Form 6C) (04/10) - Cont.

IN RE <u>Watson, Patrick Lee & Watson, Patricia Jo</u>          Case No. <u>12-27639-C-7</u>
                          Debtor(s)                                                    (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---:|---:|
| Miscellaneous garden tools (rakes, trowels, etc): 18265 State Highway 49 Plymouth CA 95669 | CCCP § 704.020 | 15.00 | 15.00 |
| Occasional table (built in): 18265 State Highway 49, Plymouth, CA 95669 | CCCP § 704.020 | 550.00 | 20.00 |
| Patio chairs: 18265 State Highway 49, Plymouth, CA 95669 | CCCP § 704.020 | 20.00 | 20.00 |
| Plastic Coleman cooler: 18265 State Highway 49, Plymouth, CA 95669 | CCCP § 704.020 | 10.00 | 10.00 |
| Plastic shelving units (2): 18265 State Highway 49 Plymouth CA 95669 | CCCP § 704.020 | 15.00 | 15.00 |
| Plastic wardrobe: 18265 State Highway 49 Plymouth CA 95669 | CCCP § 704.020 | 10.00 | 10.00 |
| Recliners (2) (built in): 18265 State Highway 49, Plymouth, CA 95669 | CCCP § 704.020 | 550.00 | 50.00 |
| Refrigerator (built in): 18265 State Highway 49, Plymouth, CA 95669 | CCCP § 704.020 | 550.00 | 50.00 |
| Rocking chair: 18265 State Highway 49, Plymouth, CA 95669 | CCCP § 704.020 | 10.00 | 10.00 |
| Rolling barbecue grill: 18265 State Highway 49, Plymouth, CA 95669 | CCCP § 704.020 | 25.00 | 25.00 |
| Single cup coffee maker: 18265 State Highway 49, Plymouth, CA 95669 | CCCP § 704.020 | 50.00 | 50.00 |
| Sofa (built in) : 18265 State Highway 49, Plymouth, CA 95669 | CCCP § 704.020 | 550.00 | 50.00 |
| Storage shed (plastic): 18265 State Highway 49, Plymouth, CA 95669 | CCCP § 704.020 | 100.00 | 100.00 |
| Stove (built in): 18265 State Highway 49, Plymouth, CA 95669 | CCCP § 704.020 | 550.00 | 50.00 |
| Television: 24" LEDToshiba: 18265 State Highway 49, Plymouth, CA 95669 | CCCP § 704.020 | 100.00 | 100.00 |
| Two-drawer file cabinet: 18265 State Highway 49 Plymouth CA 95669 | CCCP § 704.020 | 20.00 | 20.00 |
| Clothing, shoes, and accessories for one adult male; 18265 State Highway 49, Plymouth, CA 95669. | CCCP § 704.020 | 300.00 | 300.00 |
| Clothing, shoes, purses, and accessories for one adult female; 18265 State Highway 49, Plymouth, CA 95669. | CCCP § 704.020 | 300.00 | 300.00 |
| Men's blue saphire ring: 18265 State Highway 49 Plymouth CA 95669 | CCCP § 704.040 | 150.00 | 150.00 |
| Men's Citizens watch: 18265 State Highway 49 Plymouth CA 95669 | CCCP § 704.040 | 5.00 | 5.00 |
| Woman's anniversary ring: 18265 State Highway 49 Plymouth CA 95669 | CCCP § 704.040 | 410.00 | 410.00 |
| Woman's Pandora style bracelets (2) and necklace: 18265 State Highway 49 Plymouth CA 95669 | CCCP § 704.040 | 308.00 | 308.00 |
| Woman's wedding ring: 18265 State | CCCP § 704.040 | 460.00 | 460.00 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6C (Official Form 6C) (04/10) - Cont.

IN RE <u>Watson, Patrick Lee & Watson, Patricia Jo</u>                    Case No. <u>12-27639-C-7</u>
Debtor(s)                                                                                         (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Highway 49 Plymouth CA 95669 | | | |
| Glock 40: 18265 State Highway 49, Plymouth, CA 95669 | CCCP § 704.020 | 150.00 | 150.00 |
| Glock 9: 18265 State Highway 49, Plymouth, CA 95669 | CCCP § 704.020 | 150.00 | 150.00 |
| Proof of Claim filed in Chapter 11 Bankruptcy case no. 08-11535-RR, Central District of California, Northern Division, In re Estate Financial Mortgage Fund, LLC, filed in the amount of $414,132.00. Pro rata share of initial distribution made from the Estate Financial Mortgage Fund LLC Liquidating Trust in the amount of $9981.55 (In re Estate Financial Mortgage Fund LLC 08-11535-RR CACD Chapter 11). | CCCP§704.115(a) | 100% | unknown |
| Unpaid wages due to Joint Debtor as of date of filing. | U.S.C. 15 § 1673 | 888.25 | 888.25 |
| Wages garnished by Franchise Tax Board | U.S.C. 15 § 1673 | 1,348.65 | 1,348.65 |
| 2006 Chevrolet Silverado; 154,442 miles: 8900 Alder Ave, Sacramento, CA. This vehicle is used in the business. | CCCP § 704.060(a)(3) | 7,844.00 | 7,844.00 |
| 2006 Jeep Liberty; 106,397 miles; Highway 49 residence. | CCCP § 704.010 | 2,725.00 | 5,530.00 |
| 2011 Keystone Montana Hickory Fifth Wheel Series M3455 SA-37 and jack for set up: 18265 State Highway 49, Plymouth, CA 95669. The Keystone Montana is a mobilehome that is the primary residence of Mr. and Mrs. Watson. Please note that the mobilehome comes furnished with built-ins. | CCCP § 704.730(a)(3) | 173,390.00 | 62,615.00 |
| Small double axle trailer: 8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 750.00 | 1,200.00 |
| Small trailer with portable sign for business:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 100.00 | 100.00 |
| (2) ladders (1-8 ft) (1-12ft):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| (3) Bottle jacks (1-12 tons) (1-6 tons):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| 1 set oxygen and acetaline torches:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 50.00 | 50.00 |
| 10 key calculator:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| 10 key calculator:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 15.00 | 15.00 |
| 1000 lb transmission jack:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 100.00 | 100.00 |
| 110 volt Lincoln welder:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 50.00 | 50.00 |
| 2 1/2 ton floor jacks (2):8900 Alder Avenue | CCCP § 704.060(a)(3) | 60.00 | 60.00 |

14

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6C (Official Form 6C) (04/10) - Cont.

IN RE <u>Watson, Patrick Lee & Watson, Patricia Jo</u>                    Case No. <u>12-27639-C-7</u>
                             Debtor(s)                                            (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Sacramento | | | |
| 2600 psi portable pressure washer:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 50.00 | 50.00 |
| 3 Shelf metal shelving unit (2):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 35.00 | 35.00 |
| 50 ft air lines (2) :8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 35.00 | 35.00 |
| 50 gallon used oil drain:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 30.00 | 30.00 |
| 8 Drawer Mac Toolbox w/ assorted hand tools:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 500.00 | 500.00 |
| Assorted cans of brake cleaner, paint cleaner, WD40:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 30.00 | 30.00 |
| Assorted metric and American tap & die sets:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 15.00 | 15.00 |
| Assortment of dampner pullers:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 40.00 | 40.00 |
| Axle nut sockets (4):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 30.00 | 30.00 |
| Bench grinder:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 35.00 | 35.00 |
| Bench vices (3):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 20.00 | 20.00 |
| Blue point roll-around cart/ assorted hand tools:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 50.00 | 50.00 |
| Chop saw:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Coffee maker:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 5.00 | 5.00 |
| Coolant transfer machine:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 150.00 | 150.00 |
| Cooltech 34788 Robin Air A/C charge station:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 300.00 | 300.00 |
| Desk chair:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Dust pans(3):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 3.00 | 3.00 |
| Dymo Label maker:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 5.00 | 5.00 |
| Electric stapler :8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 5.00 | 5.00 |
| Engine hoist:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 75.00 | 75.00 |
| Extension cords (4):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) CCCP § 704.060(a)(2) | 5.00 5.00 | 5.00 |
| Fans (4):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 50.00 | 50.00 |
| Folding tables (2):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 40.00 | 40.00 |
| Ford spark plug repair kit:8900 Alder | CCCP § 704.060(a)(3) | 20.00 | 20.00 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6C (Official Form 6C) (04/10) - Cont.

IN RE <u>Watson, Patrick Lee & Watson, Patricia Jo</u>          Case No. <u>12-27639-C-7</u>
_____
Debtor(s)                                                    (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Avenue Sacramento | | | |
| Four drawer assorted A/C hardware:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 70.00 | 70.00 |
| Four post 12000lb bend pak lift:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 900.00 | 900.00 |
| Free standing 3 shelf wall unit:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 5.00 | 5.00 |
| Free standing pole stands (2):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 5.00 | 5.00 |
| Garbage cans(5):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 5.00 | 5.00 |
| Garden hoses (2) :8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 15.00 | 15.00 |
| Genesis Evoscan tool:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 200.00 | 200.00 |
| Hack saws (3):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 15.00 | 15.00 |
| Hand grinder:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| Hand held A/C pressure gauges:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 35.00 | 35.00 |
| Hand pump vacuum machine:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 5.00 | 5.00 |
| Hand truck:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Hanging drop light:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Hose clamp rack:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 15.00 | 15.00 |
| HP computer and monitor:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| HP desk top computer:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| HP printer fax Office Jet J4580:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| HP printer:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| Hunter BL505 brake lathe and tooling:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 750.00 | 750.00 |
| Ingersol impact wrench:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 20.00 | 20.00 |
| Jack stands (8):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| John Wayne pictures:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Kirby vacuum cleaner:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| L shaped desk: 8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 40.00 | 40.00 |
| Leaf blower:8900 Alder Avenue | CCCP § 704.060(a)(3) | 25.00 | 25.00 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6C (Official Form 6C) (04/10) - Cont.

IN RE <u>Watson, Patrick Lee & Watson, Patricia Jo</u>        Case No. <u>12-27639-C-7</u>
　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　　　　　　　　　　(If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Sacramento | | | |
| Mac 02 sensor puller kit:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 45.00 | 45.00 |
| Master fuel line disconnect set:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Metal 2 drawer desk:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 20.00 | 20.00 |
| Metal rolling work bench:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 50.00 | 50.00 |
| Metal shelving units (5):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| Microwave:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 30.00 | 30.00 |
| Noid light test kit:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) CCCP § 704.060(a)(2) | 20.00 20.00 | 20.00 |
| Outside bench:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 35.00 | 35.00 |
| Paper shredder:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 30.00 | 30.00 |
| Pitot bearing puller:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 5.00 | 5.00 |
| Plastic 4 drawer assorted bolts (2):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Plastic rolling carts (2):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Plastic rolling carts (2):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Pop rivet kit:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 12.00 | 12.00 |
| Portable AT&T phones:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| Portable fan:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Portable heater:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 35.00 | 35.00 |
| Portable radio:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 15.00 | 15.00 |
| Portable radio:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 20.00 | 20.00 |
| Power steering puller set:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 20.00 | 20.00 |
| Propane tank and heater:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 40.00 | 40.00 |
| Propane torch bernzomatic:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 30.00 | 30.00 |
| Quincee air compressor 5hp (20 years old):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 100.00 | 100.00 |
| Radiator pressure tester:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 45.00 | 45.00 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

17

B6C (Official Form 6C) (04/10) - Cont.

IN RE <u>Watson, Patrick Lee & Watson, Patricia Jo</u>        Case No. <u>**12-27639-C-7**</u>
Debtor(s)                                                                        (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Red single axle utility trailer:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 150.00 | 150.00 |
| Refrigerator:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| Rolling battery charger:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 35.00 | 35.00 |
| Rolling metal carts (2) :8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| Rolling office chairs (2):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| Rolling unit supply shelf:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 35.00 | 35.00 |
| Shop light:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 5.00 | 5.00 |
| Slide hammer/ bearing puller (2):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Small drill press:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| Small file cabinet:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| Small file cabinets (2):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| Small inventory muffler pipe and hangers:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 75.00 | 75.00 |
| Small magazine rack:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Small plastic bolt organizers (10):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 30.00 | 30.00 |
| Small rolling chairs (2):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 30.00 | 30.00 |
| Small wood shelf:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Snap On air chisel:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 15.00 | 15.00 |
| Snap On power screwdriver:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 35.00 | 35.00 |
| Stut compressor:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 40.00 | 40.00 |
| Timing tensioner kit:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 30.00 | 30.00 |
| Tool shed (plastic): 8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 100.00 | 100.00 |
| Two line AT&T phone:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Two line phone system:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Two post 9000lb car lift (purchased used):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 300.00 | 300.00 |
| UPS scale:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 5.00 | 5.00 |

© 1993-2011 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

B6C (Official Form 6C) (04/10) - Cont.

IN RE Watson, Patrick Lee & Watson, Patricia Jo
_____
Debtor(s)

Case No. 12-27639-C-7
_____
(If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Used ball joint press kit:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Vacuum pump:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 15.00 | 15.00 |
| Waiting room chairs (3):8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 20.00 | 20.00 |
| Wall clocks (2) :8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 10.00 | 10.00 |
| Wall mount exhaust gasket kit:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 25.00 | 25.00 |
| Wall mounted corkboard:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 5.00 | 5.00 |
| Zep Parts Cleaning station:8900 Alder Avenue Sacramento | CCCP § 704.060(a)(3) | 100.00 | 100.00 |
| Double burial niche #125: Memory Gardens, Inc., 2011 Arnold Industrial Way, Concord, CA 94524.  Debtors purchased this niche for their own use. | CCCP § 704.200 | 1,500.00 | 1,500.00 |
| Paid time off owing to Joint Debtor: 11.98 hours | CCCP § 704.070 CCCP § 704.113 | 75% 100% | unknown |
| Single burial niche #190: Memory Gardens Inc. 2011 Arnold Industrial Way, Concord, CA 94524.  The Debtors purchased this niche in 1991 specifically for the internment of Debtor's brother's cremains, which currently occupy this niche. | CCCP § 704.200 | 100% | unknown |
| Stream of monthly Social Security payments in the amount of $1409. 00 to Patrick Watson Sr. | U.S.C. 42 § 407 | 100% | unknown |
| Stream of monthly Social Security payments in the amount of $945.00 to Patricia Watson | U.S.C. 42 § 407 | 100% | unknown |

© 1993-2011 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

19

## CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that the attached document(s) was served by mail to the following entities listed at the address(es) shown below:

Service List:

Aaron Avery
2150 River Plaza Dr #450
Sacramento, CA 95833

David Gravell
PO Box 9192
Truckee, CA 96162

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Estela Pino
800 Howe Ave #420
Sacramento, CA 95825

Patricia Watson
P.O. Box 357
Plymouth, CA 95669

Patrick Watson
P.O. Box 357
Plymouth, CA 95669

DATE: 12/12/12

_____
Deputy Clerk